Curia, per Frost, J.
The third ground of appeal only will be considered. Delivery is necessary to a deed. — Without it, the deed creates no obligation ; and the obligor may plead non est factum. Delivery may be made immediately to the grantee or obligee; or it may be made to a third person ; and it may be absolute or conditional. It is necessary, however, to an effectual delivery, that the grantee or obligee should assent to it, either expressly or impliedly. The assent of the grantee to the delivery of a deed to a third person, for his use, will be implied when it is for his benefit. As if, one intending a-gift, or in performance of a promise to give security to a creditor, should execute a bond and deliver it, without the knowledge of the obligee, to a third person, for his use, the bond is presently the deed of the obligor. But it is otherwise if the grantee refuses to accept the deed. In Wrenchford v. Wrenchford, Lord Holt says, if the executor had not administered, but had refused in the Ecclesiastical *41 Court to be executor, that making him executor, had not been a release; for you shall no more force a man against his will, to accept oí a release than of a deed of grant; and the subsequent refusal makes the deed void ab initio. And ■if a deed of release were delivered to B. for the use of the obligor, and the obligor refuses to accept it, it is not the deed of the obligee, and he may plead non est factum.
If a writing, signed and sealed, be delivered to a third person, whether, by such delivery, it is the deed of the grantor, presently, or not until the happening of an event on which it is to be delivered to the grantee, may depend on the intention of the grantor. If it be delivered to the third person as his deed, to be delivered to the grantee on some future event, it is the grantee’s deed, presently. ■ But if it be delivered to the third person, as his writing or escrow, to be delivered to the grantee, on some future event, as his, the grantee’s deed; and it be delivered to the grantee accordingly, it is not the grantor’s deed, until the second delivery. In this case the grantor being very low and having given his attorney instructions to prepare his will, directed the attorney to bring to him certain deeds from a trunk, and delivered them to the attorney, with directions, if the grantor died without making a will, to deliver the deeds to the grantees. The grantor died before the will could be drafted; and it was declared that the deeds took effect by the delivery of them to the attorney.
If the writing be delivered to a third person, to be delivered to the grantee, on the performance of some act, it is not the deed of the grantor by such delivery, nor until the grantee perform the condition. In Jackson v. Catlin, a sheriff’s deed of conveyance was delivered to the attorney of the grantee, to be delivered to the grantee, on payment of the purchase money. Kent, C. J. says, it was the intention of the parties that until the money was paid and the deed delivered, the sale was not to operate and the title was to continue in Crog-han. This is not only the obvious meaning of the transaction, but it is the conclusion of law. The deed in question was clearly an escrow. It was left with the attorney to be delivered to Jones, on payment of the purchase money. A deed is delivered as an • escrow, when the delivery is conditional, and it is of no force until the condition be performed. And the condition may be the payment of money, as well as any thing else.
It is obvious that the parties to the sealed note or obligation did not, by their execution of it, and by the possession of William M. Bobo, intend a delivery to Brooks ; and if they had so intended, it could not be forced on him against his consent. Being made to be delivered to him, only on condition that he would discount it, and he having refused to do so, there has been no delivery to him, actual or constructive.
*42 To the action brought in his name, either for his own benefit or that of any other person, the plea of non est factum is a good defence.
The motion for a new trial is granted.
The whole Court concurred.

Motion for new trial granted.